**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

|  |  |
|---|---|
| NETCHOICE,<br><br>     *Plaintiff*,<br><br>     v.<br><br>TIM GRIFFIN, in his official capacity as<br>Attorney General of Arkansas, et al.<br><br>     *Defendants*. | Civil Action No. 5:25-cv-05140-TLB |

## <u>MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiff NetChoice ("NetChoice"), by and through its attorneys, files this Motion for Preliminary Injunction against Tim Griffin, in his official capacity as Attorney General of Arkansas; Todd Murray; Sonia Fonticiella Hagood; Devon Holder; Brandon Carter; Jeff Phillips; Will Jones; Teresa Howell; Ben Hale; Connie Mitchell; Dan Turner; Jana Bradford; Frank Spain; Tim Blair; S. Kyle Hunter; Daniel Shue; Jeffrey Rogers; David Ethredge; Tom Tatum, II; Drew Smith; Rebecca Reed McCoy; Michelle C. Lawrence; Debra Buschman; Robert T. (Tony) Rogers; Bryan Sexton; Carol Crews; Kevin Holmes; Chris Walton; and Chuck Graham, each in his or her official capacity as a prosecuting attorney for the State of Arkansas, pursuant to Federal Rule of Civil Procedure 65(a).

While this lawsuit challenges both Act 900 and Act 901 of 2025, this Motion seeks preliminary relief only from Act 900, as the Court has already preliminarily enjoined enforcement of Act 901. *See NetChoice v. Griffin*, 2025 WL 3634088, at \*15 (W.D. Ark. Dec. 15, 2025). NetChoice respectfully asks the Court to preliminarily enjoin Defendants, as well as all officers, agents, and employees subject to their supervision, direction, or control, from enforcing or

otherwise bringing suit against NetChoice and its members under Act 900. NetChoice also respectfully asks the Court to issue the injunction before April 21, 2026, when Act 900 is scheduled to take effect. In support of its Motion, NetChoice states as follows:

1. On June 27, 2025, NetChoice filed a Complaint challenging Acts 900 and 901 of 2025, *see* Dkt.2, which is incorporated fully herein.

2. As set forth in the Complaint, Act 900 purports to protect Arkansas minors by prohibiting a "social media platform" from several different expressive activities. First, it prohibits social media websites from "engag[ing] in practices to evoke any addiction or compulsive behaviors in an Arkansas user who is a minor, including without limitation through notifications, recommended content, artificial sense of accomplishment, or engagement with online bots that appear human." Act 900, Ark. Code §4-88-1402(d)(1). Covered websites must ensure their compliance by conducting quarterly audits "to ensure that the social media platform's software, application, or other products are not causing minors to engage in compulsory or addiction-driven behavior." *Id.* §1402(d)(3). Second, Act 900 requires social media websites to default minors' settings such that notifications "other than safety or privacy-related alerts, are ceased between the hours of 10:00 p.m. central standard time (CST) and 6:00 a.m. central standard time (CST)." *Id.* §1402(d)(2)(A). A "parent or guardian" may "modify this setting." *Id.* Covered websites must also default minors to "the most protective level of control for privacy and safety offered by the covered social media platform." *Id.* §1402(d)(2)(B). Third, Act 900 requires social media websites to create "an easily accessible online dashboard to allow a parent of a minor user to view and understand his or her child's use habits on the covered social media platform" and "provide tools for a parent to restrict his or her child's access to the covered social media platform, or logical portions of the covered social media platform." *Id.* §1402(d)(4). Act 900 imposes "strict liability"

2

for any violation, including a penalty of $10,000 per violation.  Ark. Code §4-88-1403(b)(2); *id.* §4-88-104; *id.* §4-88-113(a)(3).    The remaining obligations imposed by Act 900 are not enforceable because they rely wholly on the validity of §1402(a)-(c)'s age verification and parental consent provisions, which this Court permanently enjoined in *NetChoice, LLC v. Griffin*, 2025 WL 978607, at *17 (W.D. Ark. Mar. 31, 2025).

3.    NetChoice submits a Memorandum in Support of the Motion for Preliminary Injunction, which is also incorporated by reference.  For the reasons set forth in that Memorandum, NetChoice satisfies all requirements for a preliminary injunction against enforcement of Act 900. *See Johnson v. Minneapolis Park & Rec. Bd.*, 729 F.3d 1094, 1095 (8th Cir. 2013).

4.    As Acts 900 and 901 define covered "social media platform[s]" identically, *compare* Ark. Code §4-88-1401(11)(A) with *id.* §4-88-1501(5), NetChoice re-submits the declarations it relied on in its Motion for Preliminary Injunction challenging Act 901.  NetChoice also submits supplemental declarations specific to Act 900.  The following exhibits are attached to the Motion and incorporated by reference:

a.    Exhibit A – Arkansas Act 900 of 2025.

b.    Exhibit B – Declaration of Elizabeth Murphy, Head of Youth Policy, Safety Policy Team at Meta Platforms, Inc. in support of Preliminary Injunction against Act 900.

c.    Exhibit C – Supplemental Declaration of David Baird, Lead of Support Operations at Nextdoor in support of Preliminary Injunction against Act 900.

d.    Exhibit D – Supplemental Declaration of Bartlett Cleland, General Counsel and Director of Strategic Initiatives at NetChoice in support of Preliminary Injunction against Act 900.

e.    Exhibit E – Declaration of Antigone Davis, Global Head of Safety at Meta Platforms, Inc. in support of Preliminary Injunction against Act 901.  *See* Dkt.28.

    f.    Exhibit F – Declaration of David Baird, Lead of Support Operations at Nextdoor in support of Preliminary Injunction against Act 901.  *See* Dkt.27.

    g.    Exhibit G – Declaration of Bartlett Cleland, General Counsel and Director of Strategic Initiatives at NetChoice in support of Preliminary Injunction against Act 901.  *See* Dkt.26.

WHEREFORE, NetChoice respectfully requests that the Court grant its Motion for Preliminary Injunction, enter an Order preliminarily enjoining Defendants, as well as all officers, agents, and employees subject to their supervision, direction, or control, from enforcing or otherwise bringing suit against NetChoice and its members under Act 900 pending a decision on the merits of Plaintiff's claims, and for any other just and proper relief.

Respectfully submitted,

*s/ Erin E. Murphy*

| | |
|---|---|
| Marshall S. Ney, Ark. Bar No. 91108 | Paul D. Clement* |
| Katherine C. Campbell, Ark. Bar No. 2013241 | Erin E. Murphy* |
| FRIDAY, ELDREDGE & CLARK, LLP | James Y. Xi* |
| 3350 South Pinnacle Hills Pkwy., Suite 301 | Barrett L. Anderson* |
| Rogers, AR 72758 | CLEMENT & MURPHY, PLLC |
| (479) 695-6049 | 706 Duke Street |
| mney@fridayfirm.com | Alexandria, VA 22314 |
| kcampbell@fridayfirm.com | (202) 742-8900 |
| | paul.clement@clementmurphy.com |
| | erin.murphy@clementmurphy.com |
| | james.xi@clementmurphy.com |
| | barrett.anderson@clementmurphy.com |

*\*admitted pro hac vice*

*Counsel for Plaintiff*

January 12, 2026

4